LAW OFFICES OF BARAK BERLIN
BARAK J. BERLIN (CASB No. 216115)
Email: Barak@BerlinLawGroup.com
135 West Sumner Ave
Lake Elsinore, CA 92530
Telephone: (951) 296-6188
Facsimile: (951) 296-6187

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA SWANSON,<br><br>             Plaintiff,<br><br>   vs.<br><br>GLOBAL MEDIATION GROUP, LLC, UHG I LLC, JERRY VERHAGEN, and DOES 1-10, Inclusive,<br><br>             Defendants. | CASE NO. 5:19-cv-01317 JGB(KKx)<br><br>FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND CALIFORNIA FAIR DEBT BUYING PRACTICES ACT<br><br><u>JURY TRIAL DEMANDED</u> |

COMES NOW the Plaintiff, MELISSA SWANSON ("Plaintiff"), by way of Complaint against the Defendants, says:

## I.  PRELIMINARY STATEMENT

1.    Melissa Swanson ("Plaintiff"), through Plaintiff's attorney, brings this action to challenge the actions of the Global Mediation Group, LLC, UHG I LLC, JERRY VERHAGEN, and DOES 1-10, inclusive ("Defendants"), with regards to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"), and Defendant UHG's violations of the Fair Debt Buying Practices Act, Civ. Code §§1788.50-1788.64 ("FDBPA").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## III. PARTIES

10. Plaintiff Melissa Swanson is a natural person who resides in the City of Riverside, County of Riverside, State of California.

11. At all times relevant to this Complaint, Defendant Global Mediation Group, LLC ("Global") was a New York Limited Liability Company with an address of 6000 N. Baily Ave, Suite 2C, Amherst, NY 14226.

12. At all times relevant to this Complaint, Defendant UHG I LLC ("UHG") was a Delaware Limited Liability Company with addresses of 6400 Sheridan Drive, Ste 138, Williamsville, NY 14221 and 383 Inverness Parkway, Suite 280, Englewood, CO 80112.

13. At all times relevant to this Complaint, Defendant Jerry VerHagen ("VerHagen") was an individual with a business address of 6000 N. Baily Ave, Suite 2C, Amherst, NY 14226. According to the Statement of Information filed by Global, VerHagen is the President and sole Member of Global.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendants are comprised of persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. Defendant UHG is an entity that is regularly engaged in the business of purchasing charged-off consumer debt for collection purposes and is therefore a debt buyer as that term is defined by Cal. Civ. Code §1788.50.

20. Defendant UHG purchased this debt after January 1, 2014.

21. Defendants regularly attempt to collect past due credit card bills.

22. Plaintiff is informed and believes, and based on said information and belief alleges, that at all relevant times mentioned herein, each defendant was the agent, employee, joint venturer, predecessor-in-interest, successor-in-interest, co-conspirator, alter ego or a partner of the other, and in doing the things alleged, was acting in the course and scope of said agency, employment, joint venture or other relationship. Each defendant has authorized, ratified and imposed the acts of the remaining defendants and each defendant ratified, entrusted, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful acts.

## IV. FACTUAL ALLEGATIONS

23. Sometime before April 18, 2019, Plaintiff is alleged to have incurred certain financial obligations with Credit One Bank (hereinafter "Credit One account").

24. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26. Sometime thereafter, but before April 18, 2019, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged past due Credit One account. Plaintiff currently takes no position as to the validity of this alleged past due Credit One account.

27. Subsequently, but before April 18, 2019, the alleged past due Credit One account was assigned, placed, sold, or otherwise transferred, to Defendant UHG for collection.

28. Defendant UHG then hired Defendants Global and VerHagen in some form for collection of the alleged past due Credit One account.

29. Defendant Global made numerous calls to Plaintiff's brother without permission from Plaintiff in an attempt to collect on the Credit One account.

30. On April 18, 2019 Plaintiff's brother called Defendant Global to find out why they were calling him. He asked why he was being called. He spoke to "Adam" who told him they were calling for Melissa Swanson. When he told Adam that he was Melissa's brother, Adam proceeded to tell him that Plaintiff had a debt from Credit One Bank in the amount of two thousand three hundred sixty five dollars ($2,365.00) from a Visa card issued by Credit One Bank.

31. On or shortly after April 19, 2019, Plaintiff received a dunning letter (Dunning Letter) which contained Global's letterhead. This was the first letter Plaintiff received from Defendant Global or any of the other Defendants. This letter did not include the notices required by California Civil Code Sections 1788.50, 1788.52, and 1812.700. This letter did not include the notice required by 15 USC 1692e(11). This letter did not include the notice required by 15 USC 1692g, nor was a subsequent letter sent containing any of these notices.

32. The Dunning Letter listed UHG I LLC as the current creditor.

33. When Plaintiff's brother told Plaintiff about the conversation with Adam, Plaintiff was mortified. She was thoroughly embarrassed when she

-5-
FIRST AMENDED COMPLAINT

discovered that her brother had been informed about her alleged debt without her permission.

34. When Plaintiff's brother called Plaintiff regarding this debt collection, Plaintiff got really bad anxiety and has felt depressed ever since. She did not want her brother to find out about this. She does not discuss her finances or other personal business with her brother.

## V. CAUSES OF ACTION

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.
### (against all Defendants)

35. Plaintiff repeats, re-alleges, and incorporates by reference, all previous paragraphs.

36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692e(11), 15 U.S.C. §1692e(14), 15 U.S.C. 1692f, and 15 U.S.C. §1692g.

37. 15 U.S.C. §1692e provides that

a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . .

38. 15 U.S.C. §1692f provides that

a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

39. 15 U.S.C. §1692g provides that

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

///

///

///

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (ROSENTHAL ACT)
## CAL.CIV.CODE §§ 1788-1788.32
## (against all Defendants)

41. Plaintiff repeats, re-alleges, and incorporates by reference, all previous paragraphs.

42. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

43. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## COUNT III
## FAIR DEBT BUYING PRACTICES ACT
## CAL.CIV.CODE §§ 1788.50-1788.64
## (against Defendant UHG)

44. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45. The foregoing acts and omissions constitute numerous and multiple violations of the Fair Debt Buying Practices Act, including but not limited to each and every one of the above-cited provisions of the Fair Debt Buying Practices Act, Cal. Civ. Code §§ 1788.50-1788.64.

46. As a result of each and every violation of the Fair Debt Buying Practices Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.62(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.62(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.62(c)(1) from Defendant UHG.

# VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor as follows:

A. **For the FIRST CAUSE OF ACTION**:
- (i) An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), including emotional distress.
- (ii) An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and
- (iv) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:
- (i) An award of actual damages pursuant to Cal. Civil Code §1788.30(a), including emotional distress;
- (ii) An award of the maximum statutory damages for Plaintiffs pursuant to Cal. Civil Code §1788.30(b);
- (iii) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil Code §1788.30(c); and
- (iv) For such other and further relief as may be just and proper.

C. **For the THIRD CAUSE OF ACTION**:
- (i) An award of actual damages pursuant to Cal. Civil Code §1788.62(a)(1), including emotional distress;
- (ii) An award of the maximum statutory damages for Plaintiffs pursuant to Cal. Civil Code §1788.62(a)(2);
- (iii) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil Code §1788.62(c)(1); and
- (iv) For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Melissa Swanson, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED: October 2, 2019      **LAW OFFICES OF BARAK BERLIN**

/s/ Barak J. Berlin
BARAK J. BERLIN
Attorneys for Plaintiff Melissa Swanson